UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSE J. STEWART, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:15-cv-38-WTL-WGH |
| ) | |
| J.F. CARAWAY, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Jesse Stewart is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction entered in the United States District Court for the Southern District of Iowa. In doing so, Stewart invokes the Savings Clause of 28 U.S.C. § 2255(e).

Having considered Stewart's petition and supplement, and being duly advised in the premises, the court finds that Stewart is not entitled to the relief he seeks and that the action must be summarily dismissed.[1] This conclusion is based on the following facts and circumstances:

---

[1] Stewart should take heed of this disposition and cease his misuse of the legitimate opportunities he has had and has used to file collateral attacks on his federal conviction. As will be noted, he filed a collateral challenge pursuant to 28 U.S.C. § 2255 in the trial court. He has filed this action. He previously filed 28 U.S.C. § 2241(c)(3) challenges to his conviction in *Stewart v. Lockett*, No. 2:12-cv-004-JMS-WGH (S.D.Ind. March 9, 2012), and in *Stewart v. Lockett,* No. 2:12-cv-92-JMS-WGH (S.D.Ind. May 2, 2012). The appeals of these latter two cases were consolidated and this court's rulings, per Judge Magnus-Stinson, were affirmed on October 12, 2012. The appellate order recites: "This court has reviewed the final order of the district court and the record on appeal. Stewart has failed to allege why his § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' 28 U.S.C. § 2255(e), and to test his claims that his rights under the Speedy Trial Act and Due Process Clause were violated." Stewart's multiple efforts to obtain leave to file successive § 2255(a) motions have been denied. Stewart's unauthorized successive § 2255(a) motions have been denied.

1. Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998).

2. A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999).

3. Stewart was convicted in the Southern District of Iowa of violating 21 U.S.C. § 841 by possessing crack and intending to sell it. He was sentenced to life in prison. The conviction was affirmed, *United States v. Stewart,* 365 F. App'x 33 (8th Cir. 2010), and his first § 2255 motion was denied. No. 4:10-cv-606-JaJ (S.D.Iowa Jan. 5, 2011). Both the trial court and the Eighth Circuit declined to issue a certificate of appealability.

4. Stewart next filed two § 2255 motions in this court. These motions were treated as habeas petitions pursuant to 28 U.S.C. § 2241 and were dismissed. The Seventh Circuit Court of Appeals affirmed those dispositions. *Stewart v. Lockett,* Nos. 12-1658 & 12-2170 (7th Cir. Aug. 27, 2012).

5. Stewart seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stewart asserts in the supplement to his petition for writ of habeas corpus that he "is incarcerated for [a] non-existent offense." He does not support this assertion by pointing to the repeal, invalidation, or

significant re-interpretation of the criminal statute he was found to have violated. Instead, he supports this assertion by explaining that police officers who discovered crack cocaine at his residence exceeded the scope of the search warrant which had been issued and that he was arrested in violation of the Fourth Amendment at the outset of the search. This explanation contradicts findings of the trial court in its ruling on pre-trial motions. Nonetheless, Stewart justifies the use of 28 U.S.C. § 2241 by asserting that he is "incarcerated for [a] non-existent offense." He explains this by contending that he was arrested in his residence on December 29, 2007, without a warrant and without probable cause. None of these circumstances remotely suggests that Stewart was convicted—and hence is now incarcerated—for a non-existent offense. See *Cotas v. United States*, No. 7:13-CV-8049-VEH, 2014 WL 2465326, at *5 (N.D.Ala. May 30, 2014). In addition, Stewart does not base his claim on any circumstances which were not available to him at the time of his direct appeal and/or the motion for relief pursuant to 28 U.S.C. § 2255.

6.   Stewart's habeas petition shows on its face that he is not entitled to the relief, nor even to proceed. Stewart has invoked the Savings Clause of § 2255(e) under circumstances which do not entitle him to do so. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Stewart had that opportunity and he used it. The petition for writ of habeas corpus is therefore **denied.**

### II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 6/30/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jesse Stewart
Reg. No. 08673-030
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808